IN THE MATTER OF CHARLES H. JOHNSON, AN ATTORNEY AT LAW OF THE STATE OF NEW JERSEY.

Decided November 10, 1952.

*Mr. William Abbotts,* for the order.

*Mr. Robert Queen,* for the respondent.

PER CURIAM. Upon presentment of the Mercer County Ethics and Grievance Committee we directed an order to show cause to Charles H. Johnson, an attorney at law admitted in 1949, why he should not be disbarred or be otherwise disciplined for unprofessional conduct.

Mr. Johnson received $300 in three payments, of $100, $75 and $125 in July, September and December 1951, respectively, from a client for his fees and costs to prosecute for her an action for divorce. He filed the divorce complaint in July 1951, and service was duly effected upon the defendant husband. The $75 September payment was requested by Mr. Johnson to meet the charges required by *Rule* 3:87–4(*d*) to be paid to the clerk to secure the listing of the cause for trial. He did not, however, pay the charges and in due course was notified under *Administrative Rule A*11 of a motion by the court to show cause why the case should not be dismissed for lack of prosecution. Mr. Johnson ignored the notice, and pursuant to the rule the action was dismissed in March 1952.

Meanwhile, his client asked him in February 1952 why trial of the case was being delayed, and was put off with the excuse that the calendar was crowded. The client thereupon made inquiry of the clerk's office and was there told that the case was not listed for trial because of Mr. Johnson's failure to file "the right papers." Mr. Johnson assured his client

that the clerk was mistaken and that he would see that the mistake was rectified. In April, after several weeks had passed without word from Mr. Johnson, the client again made inquiry of the clerk and learned that the action had been dismissed. Mr. Johnson fraudulently disclaimed any knowledge of the dismissal. Later he confirmed it and said that he would "re-file" the complaint. He never did so, although he represented to his client that he had. The client then demanded the refund of her $300, and not getting it, complained to the ethics and grievance committee.

The foregoing facts were admitted on the oral argument and Mr. Johnson, through counsel, pleaded guilty to the charge of unprofessional conduct.

We find Mr. Johnson guilty of abusing and taking advantage, for his own personal benefit, of the confidence reposed in him by a client, in violation of *Canon* 11 of the *Canons of Professional Ethics*.

Mr. Johnson testified that he did not forward the necessary fees to the clerk because he learned after receipt of the September $75 payment that his client had remarried without first obtaining her divorce, and that this made him uncertain how further to proceed in the pending action and so he did nothing. This testimony is urged upon us as a reason for amelioration of the discipline to be imposed. We find, however, that this testimony was not true. He concedes that he accepted the last payment of $125 in December without informing his client of his doubts. He admits also that he had previously represented his client in a real estate transaction before she consulted him about a divorce. There is ample evidence that he had information on that occasion which would lead him to know of her remarriage. She had in fact been remarried in 1942. Further, she testified that when she consulted Mr. Johnson about the divorce she explained to him that she wanted a divorce from her first husband to regularize her tangled marital status.

Moreover, while Mr. Johnson testified that he had a bank account of $250 at the time of the hearing, he did not then

offer nor has he at any time offered to refund any part of the sums he received.

Plainly, Mr. Johnson lacks the professional character that the public rightly expects of every member of the bar. The majority of the court are of the opinion that upon this clear demonstration of his unfitness his name should be stricken from the roll.

*For disbarment*—Chief Justice VANDERBILT, and Justices OLIPHANT, BURLING, JACOBS and BRENNAN—5.

*For suspension for 2 years*—Justices HEHER and WACHENFELD—2.